**Mahija HERAK, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–4743–AG NAC.**

United States Court of Appeals, Second Circuit.

April 3, 2006.

Sam Gjoni, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney for the District of Utah (Elizabethanne C. Stevens, Assistant United States Attorney), Salt Lake City, Utah, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Mahija Herak, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

■ To establish asylum eligibility, the applicant bears the burden of providing sufficiently detailed and persuasive evidence. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999). Substantial evidence supports the IJ's finding that Herak failed to meet this burden. She was never arrested or mistreated physically, and her claim rested largely on her husband's three arrests for his resistance to joining the Bosnian army. A government does not commit persecution simply by requiring its citizens to perform military service, or punishing them for failure to serve. *See Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). This Court has recognized "two broad exceptions" to this rule, but neither Herak nor her husband provided sufficiently detailed evidence to suggest that either exception applied. *See id.* Moreover, Herak testified that her husband ultimately agreed to serve, remained in the army until the war ended, and suffered no further harm for his initial resistance.

■ Herak testified that, after the war, members of the Bosnian nationalist party harassed her husband because he was a member of a different party, called him a traitor who belonged with the Serbs, and told him to move away. They also fought with him physically several times. However, mere verbal harassment, even combined with incidents of minor violence, is simply insufficient to amount to persecution. *See Islami,* 412 F.3d at 397 (citing *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004), for the proposition that "general harassment not rising to the level of sufficiently extreme action, such as violence and physical abuse, does not constitute persecution"). Therefore, Herak's testimony about the verbal harassment she and her daughters experienced was also insufficient to establish persecution.

Because Herak failed to demonstrate that she or her husband experienced past persecution, she was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, current country conditions in Bosnia were sufficiently improved from the time of the war to rebut any such presumption, and Herak failed to allege sufficient facts to establish a well-founded fear independently. The IJ was aware that ethnic tensions in Bosnia were far from settled, but found that conditions were stable enough that a fear of ethnicity-based harassment, without more, was insufficient to amount to persecution.

Herak failed to address either the withholding of removal or the CAT claims in her brief to this Court, and therefore these claims are deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).